**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| In Re:<br><br>Matthew Fentress,<br><br>Debtor. | Bankruptcy Case No.: 18-30299<br><br>Chapter: 13 |

**AGREED ORDER TO PAY**

This matter having come before the Court due to Debtor and Co-Debtor's failure to remit post-petition contractual payments to Capital One Auto Finance, a division of Capital One, N.A. ("Movant"), for a 2008 Chevrolet Impala Sedan 4D LS motor vehicle with a VIN of 2G1WB55K489179410 ("the Vehicle") and based upon the agreement of Movant and Debtor that will permit the continuation of the automatic stay and co-debtor stay as it relates to this Vehicle and the debt and conditioned upon certain provisions incorporated herein.

1. IT IS HEREBY ORDERED that as of December 26, 2019, Debtor is in arrears $3,041.52. Debtor owes $177.36 for the payment due December 25, 2018 and $238.68 for each payment between January 25, 2019 and December 25, 2019.

2. Debtor agrees to cure the post-petition arrearage and Movant agrees to accept cure pursuant to the following terms:
    Debtor shall make all future monthly post-petition payments beginning with the January 25, 2020 payment outside of the Plan directly to Movant.

3. Additionally, Debtor shall make the following additional monthly payments until the post-petition delinquency is paid in full:

    a. February 15, 2020 in the amount of $506.92;

    b. March 15, 2020 in the amount of $506.92;

    c. April 15, 2020 in the amount of $506.92;

    d. May 15, 2020 in the amount of $506.92;

    e. June 15, 2020 in the amount of $506.92; and

    f. July 15, 2020 in the amount of $506.92.

4. Debtor agrees that should he fail to make any future payments as called for under this agreement, or should any payments be reversed due to insufficient funds, he will be in default on this Agreed Order.

5. If Debtor is in default under this Agreed Order, Movant, through its counsel, may send a Notice of Default to Debtor's counsel and the Co-Debtor advising them of the Default under the terms of this Agreed Order. The letter shall advise Debtor and Co-Debtor that they have ten days from the date of the letter to cure the Default.

6. If Debtor and/or Co-Debtor fail to cure the default within the ten day period. Movant's counsel may file a Certificate of Noncompliance with this Court. Upon filing of the Certificate, pursuant to 11 U.S.C. § 362 and 11 U.S.C. § 1301, the automatic stay and co-debtor stay that issued in this action shall be terminated, without further hearing, with respect to the Vehicle and the Movant, its successors and assigns.

7. In such event, Movant shall be permitted to take any and all actions necessary to repossess the Vehicle and sell the same in in accordance with state law, to apply the net proceeds to the obligation, and to otherwise exercise its contractual and state law rights to the Vehicle. Movant is granted relief to send to any party protected by the automatic stay and co-debtor stay any and all notices required by applicable federal law or regulation.

8. Should the automatic and co-debtor stay be terminated by the filing of a Certificate of Noncompliance, the automatic stay and co-debtor stay shall remain terminated in the event Debtor converts to a different chapter under the bankruptcy code.

9. Upon dismissal, discharge, chapter conversion, or relief from the automatic stay and co-debtor stay, the foregoing terms and conditions shall cease to be binding, payments will be due pursuant to the terms of the original loan agreement and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Vehicle and/or against Debtor and/or Co-Debtor.

/s/ Evan Lincoln Moscov
Evan Lincoln Moscov
Kentucky Bar No. 94835
325 Washington St., Ste. 303
Waukegan, IL 60085
Phone: 312.969.1977
evan.moscov@moscovlaw.com

/s/ Micah Daniels (with authorization)
Micah Daniels
401 West Main St, Suite 801
Louisville, Ky 40202
502-583-8300

3